**WILTON EDUCATION ASSOCIATION,**
**Petitioner,**

v.

**MONTEFIORE DISTRICT NO. 1, a**
**Public Corporation, Respondent.**

**Civ. No. 10107.**

Supreme Court of North Dakota.

Nov. 12, 1981.

Daniel J. Chapman, of Chapman & Chapman, Bismarck, for petitioner.

David L. Peterson, of Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for respondent.

VANDE WALLE, Justice.

Wilton Education Association (hereinafter WEA) applied for a temporary restraining order and temporary injunction against Montefiore District No. 1 (hereinafter school board). On October 19, 1981, we granted a restraining order until the matter could be heard by this court on October 29, 1981, and directed the parties to file briefs concerning whether or not WEA's appeal would be moot if a temporary injunction were not granted pending WEA's appeal. At the hearing before this court the parties were given permission to file additional affidavits. Those affidavits have now been filed. For reasons discussed herein, the restraining order issued by this court on October 19, 1981, is vacated and the application for a temporary injunction is denied.

WEA and the school board entered negotiations pursuant to Chapter 15–38.1, N.D. C.C., for the 1981–1982 school year. Those negotiations did not result in an agreement between the two parties, an impasse was declared, and the State Factfinding Commission was requested to render assistance as provided in Chapter 15–38.1. Following the report of the Commission the two parties again negotiated but certain items remained unresolved. The school board then proceeded to issue contracts to the teachers with the demand that they be returned within 30 days. WEA commenced an action against the school board, alleging that the school board had not negotiated in good faith and that the negotiation process had

not been completed. WEA also requested a temporary injunction pending resolution of the ultimate issues. After a hearing on the motion for a temporary injunction the district court denied a temporary injunction. WEA appealed the denial of a temporary injunction to this court and requested that we issue an order restraining the school board "from demanding from the teachers in the . . . school district the return of the contracts issued by the board or to give effect to any contracts returned by the teachers since the issuance of the contracts by the board" and that the board and each of its employees be "restrained from taking any action to implement the contracts offered to and returned by the teachers" until the further order of this court.[1]

It is WEA's position that if an injunction pending appeal of the trial court's denial of a temporary injunction is not granted the teachers will have returned their contracts and the school board will take the position that the issue is moot. WEA's fears regarding the position of the school board appear to be well founded, for in its brief filed with this court the school board not only agreed that the issue would be moot if the teachers returned their contracts but argued that the issue is, in fact, moot because all of the teachers returned their contracts prior to the time of the restraining order issued by this court. Because of this turn of events we permitted the teachers to file affidavits with this court concerning the circumstances under which they returned their contracts, i. e., whether or not the contracts were returned under compulsion. With apparently few exceptions the individual teachers comprising the WEA filed affidavits stating they returned their contracts because of fear they would lose their positions if they did not return the contracts within the time specified by the school board. It also appears from the affidavits that the contracts were returned by the teachers prior to the issuance of the restraining order by this court. The school board, through its counsel, filed a countering affidavit stating the alleged compulsion is without merit in that the WEA had ample time and opportunity to make application to one of the district judges of Burleigh County for a stay pursuant to Rule 62, N.D.R.Civ.P., and, if a stay was refused, could then have sought the order from this court.

We do not deem it necessary to decide at this time the issue of whether or not the teachers returned their contracts under compulsion, nor do we at this time decide the merits of the appeal from the denial of a temporary injunction by the district court. We are informed that the teachers are continuing to teach. The school board has received signed contracts from the teachers. Whether or not those contracts will, after a determination of the WEA's complaint on the merits,[2] be binding is a matter which, as we have noted, need not be decided now. The issue of whether or not the teachers returned their contracts under compulsion, which would negate a contractual relationship under the provisions of Chapter 9–03, N.D.C.C., is a factual question which is best determined at the trial level. If the trial court determines that the contracts were returned under compulsion such as to negate the contractual relationship the allegations of the WEA would not be moot if the

---

1. WEA made no application to the district court for an injunction pending appeal pursuant to Rule 62(c), N.D.R.Civ.P. We were informed at oral argument by counsel for WEA that time was of the essence because of the pending date by which the school board had demanded the return of the contracts and that because they could not locate the trial judge they made direct application to this court.

2. Although the district court's order denying a temporary injunction refers to the merits of the complaint, it was issued after a hearing at which, according to the opinion of the court, the parties utilized affidavits and oral testimony. Upon questioning at oral argument before this court, counsel for WEA urged that this was only a decision on the petition for a temporary injunction and was not a decision on the merits of the complaint. We accept the argument that the decision of the trial court was only on the issue of whether or not a temporary injunction should be issued pending the trial of the action and was not a final determination of the merits of the action.

trial court were to find for the WEA on the merits of its complaint.[3]

We are informed that the issues upon which the parties could not reach a negotiated settlement involve salary considerations. If WEA is successful in its action at the district court level and further negotiations are ordered, the resulting agreement, if any, could be implemented without great difficulty. If WEA is not successful at the district court level in proving that the contracts were returned under compulsion and in proving the allegations of its complaint, then the current contracts would be effective and no adjustments would be necessary. Therefore, a temporary injunction pending appeal of the denial by the district court of a temporary injunction would appear to accomplish little in actual benefit or detriment to either party. We will not issue an injunction pending appeal if the injunction has no practical effect. Our conclusion that the issues which WEA raises will not be moot if WEA is successful in proving that the contracts were returned under compulsion and if WEA is successful in its proof of those issues should serve to ease the concerns of WEA on that point.[4]

For the reasons stated herein, the petition for a temporary injunction is denied and the restraining order issued by this court on October 19, 1981, is vacated.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.

---

3. The allegations of the complaint involve a failure of the school board to complete negotiations prior to issuing the contracts, bad-faith negotiations on the part of the school board as a result of negotiating decisions made by the school board without benefit of a formal, open, and public meeting of the school board, and, as a result, WEA contends that the end of the good-faith negotiations process has not been reached.

4. At oral argument and in its brief WEA indicated that this matter should proceed as quick-ly as possible. We agree. We cannot dismiss the appeal of the WEA from the order of the district court denying a temporary injunction in this proceeding, nor, as we have indicated, do we consider this opinion to be determinative of that appeal. However, the appeal, when determined by this court, still would not be finally determinative of the main issues in the WEA complaint. Whether or not WEA wishes to pursue the appeal, in view of our holding herein, is a matter which WEA must determine.